UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EUROPGOLD LTD.,<br><br>        Plaintiff,<br><br>-against-<br><br>SILVER N GOLD WHOLESALE, LLC, ALPINE GOLD GROUP, INC., and PADAM VALIRAMANI a/k/a MIKE VALIRAMANI,<br><br>        Defendants. | Case No. 1:24-cv-07297 (JLR)<br><br>**MEMORANDUM**<br>**OPINION AND ORDER** |

JENNIFER L. ROCHON, United States District Judge:

On September 26, 2024, Plaintiff Europgold Ltd. commenced this action against Defendants Silver N Gold Wholesale, LLC, Alpine Gold Group, Inc., and Padam Valiramani a/k/a Mike Valiramani. *See* Dkt. 1. On March 14, 2025, Plaintiff filed the instant Motion for Alternative Service, seeking an order authorizing service of the Summons on Defendant Valiramani via email. *See* Dkt. 30 ("Mot."). No opposition to the motion has been filed. For the following reasons, Plaintiff's motion is DENIED without prejudice to renewal.

## DISCUSSION

Rule 4(e) permits a plaintiff to effect service on an individual defendant by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). In New York, "[s]ervice of process upon a natural person must be made in strict compliance with the statutory methods of service set forth in" section 308 of the New York Civil Practice Law and Rules ("CPLR"). *115 Essex St., LLC v. Tenth Ward, LLC*, 210 N.Y.S.3d 445, 447 (App. Div. 2024) (quoting *Wells Fargo Bank, N.A. v. Enitan*, 158 N.Y.S.3d 214, 217 (App. Div. 2021)). Pursuant to CPLR 308, service may be made by:

>(1) personal service; (2) delivery to "a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be served" and by either mailing the summons to the person to be served at his or her last known residence; (3) service on an agent; or (4) so-called "nail and mail" service.

*Sirius XM Radio Inc. v. Aura Multimedia Corp.*, 339 F.R.D. 592, 593 (S.D.N.Y. 2021) (quoting N.Y. C.P.L.R. 308(1)-(4)).

"CPLR 308(5) vests a court with discretion to direct an alternative method for service of process when it has determined that the methods set forth in CPLR 308(1), (2), and (4) are impracticable." *JPMorgan Chase Bank v. Kothary*, 113 N.Y.S.3d 738, 741 (App. Div. 2019) (quoting *Matthews v. Barrau*, 55 N.Y.S.3d 282, 286 (App. Div. 2017)). "Whether service is impracticable 'depends on the facts and circumstances surrounding each case.'" *Bayview Loan Servicing, LLC v. Cave*, 101 N.Y.S.3d 172, 174 (App. Div. 2019) (quoting *Liebeskind v. Liebeskind*, 449 N.Y.S.2d 226, 228 (App. Div. 1982), *aff'd*, 447 N.E.2d 74 (N.Y. 1983)); *accord Sirius XM*, 339 F.R.D. at 593. "[I]mpracticability does not require satisfying due diligence, or even showing that actual prior attempts to serve a party under each and every method provided in the statute have been undertaken." *Charly Acquisitions, Ltd. v. 43 N. Broadway, LLC*, No. 23-cv-09851 (KMK) (AEK), 2024 WL 5244873, at *6 (S.D.N.Y. Dec. 30, 2024) (quoting *Freeman v. Giuliani*, Nos. 24-mc-00353, 24-cv-06563 (LJL), 2024 WL 5054913, at *2 (S.D.N.Y. Dec. 10, 2024)). The movant must also demonstrate that the proposed method of alternative service is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Doe v. Hyassat*, 337 F.R.D. 12, 15 (S.D.N.Y. 2020) (quoting *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950)). Courts have found that service by email is an appropriate method of alternative service "where a plaintiff

demonstrates that the email is likely to reach the defendant." *Sirius XM*, 339 F.R.D. at 593 (quoting *Vega v. Hastens Beds, Inc.*, 339 F.R.D. 210, 217 (S.D.N.Y. 2021)).

Here, Plaintiff has made two attempts to effect service on Valiramani at addresses obtained from a search of property records. Mot. at 2-3. On October 4, 2024, Plaintiff first attempted to effect service on Valiramani at an address in New Jersey, but "[t]he process server noted that the property was vacant." *Id.* at 2; *see* Dkt. 30-1 at 3. A week later, on October 11, 2024, Plaintiff attempted to effect service at a different address in New Jersey, but the occupant "refused to state his name" to the process server and purported not to know Valiramani. Mot. at 3; *see* Dkt. 30-2 at 1. Plaintiff believes that Valiramani resides at the second address but admits that it "currently has no definitive knowledge of . . . Valiramani's whereabouts" and does not "believe it can obtain said whereabouts." Mot. at 3; *accord* Dkt. 30-3 ¶ 7 (counsel's declaration).

Based on these facts, the Court finds that Plaintiff has not made a sufficient showing that the traditional service methods are impracticable. "A plaintiff can demonstrate that service by conventional means is 'impracticable' by making diligent, albeit unsuccessful, efforts to obtain information regarding a defendant's current residence, business address or place of abode." *Breuer v. Castaneda*, No. 15-cv-05060 (VSB), 2016 WL 11483932, at *2 (S.D.N.Y. Apr. 19, 2016) (citing *Franklin v. Winard*, 592 N.Y.S.2d 726 (App. Div. 1993)). Here, however, Plaintiff has provided no elaboration as to the nature or extent of the public-records search that it performed to obtain Valiramani's address, and even assuming that Valiramani resides at the second address, as Plaintiff maintains, Plaintiff has made only one service attempt at that location. *See Zouvelos v. Sur. Fin. of Am., Inc.*, No. 16-cv-01851, 2016 WL 11448125, at *3 (E.D.N.Y. Dec. 30, 2016) (impracticability not established where plaintiff provided "scant detail concerning the nature of the searches he has performed or

defendant's connection to most of those addresses" and "submitted affidavits reflecting attempts to effect service at just two locations, one of which is a vacant lot"). "Nor has [P]laintiff offered evidence . . . that defendant is actively evading service." *Id.* at *3. Although Plaintiff's counsel contends that Valiramani's whereabouts are unobtainable, "a conclusory affirmation . . . that service was not possible due to [a] plaintiff['s] lack of knowledge of [a] defendant['s] whereabouts and an affidavit of their process server stating that one unsuccessful [service] attempt was made . . . at a given address" is insufficient to establish impracticability. *Coffey v. Russo*, 647 N.Y.S.2d 276, 277 (App. Div. 1996). Again, Plaintiff need not make a showing of due diligence, but more is required in the instant case to demonstrate that alternative service is warranted. *Cf. Experience Hendrix, LLC v. Hendrix*, No. 17-cv-01927 (PAE), 2020 WL 6891519, at *2 (S.D.N.Y. Nov. 23, 2020) (impracticability established when "service was attempted numerous times" at address where defendant had voted via mail-in ballot and where present adults twice refused service); *Breuer*, 2016 WL 11483932, at *2 (impracticability established when plaintiff attempted personal service "on three addresses discovered by an investigative service" and subsequently by mail); *Kelly v. Lewis*, 632 N.Y.S.2d 186, 186-87 (App. Div. 1995) (impracticability established when "plaintiffs made three unsuccessful attempts at three different times on three different weekdays to serve the defendant . . . at his last known residence address").

Because the current record is insufficient to establish that conventional service methods are impracticable, the Court will not authorize alternative service as to Defendant Valiramani at this time. The Court will, however, grant Plaintiff an extension of time to serve Valiramani in a manner authorized by the Federal Rules of Civil Procedure no later than **April 7, 2025**. No later than that date, Plaintiff may renew its motion for alternative service if it can do so consistent with this Memorandum Opinion and Order and applicable law.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for alternative service is DENIED without prejudice to renewal no later than **April 7, 2025.** The Clerk of Court is respectfully directed to terminate Dkt. 30.

Dated: March 24, 2025
       New York, New York

                                      SO ORDERED.

                                      JENNIFER L. ROCHON
                                      United States District Judge