UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EUROPGOLD LTD,<br><br>          Plaintiff,<br><br>-against-<br><br>SILVER N GOLD WHOLESALE, LLC,<br>ALPINE GOLD GROUP, INC., and PADAM<br>VALIRAMANI a/k/a MIKE VALIRAMANI,<br><br>          Defendants. | Case No. 1:24-cv-07297 (JLR)<br><br>**MEMORANDUM<br>OPINION AND ORDER** |

JENNIFER L. ROCHON, United States District Judge:

  On September 26, 2024, Plaintiff Europgold Ltd. ("Plaintiff") commenced this action against Defendants Silver N Gold Wholesale, LLC ("Silver N Gold"), Alpine Gold Group, Inc. ("Alpine Gold"), and Padam Valiramani a/k/a Mike Valiramani ("Valiramani") (collectively, "Defendants"). *See* Dkt. 1. Before the Court is Plaintiff's renewed motion for alternative service as to Defendant Valiramani. *See* Dkt. 47. For the reasons that follow, the Court GRANTS Plaintiff's motion.

## BACKGROUND

  On September 26, 2024, Plaintiff commenced this action against Defendants Silver N Gold, Alpine Gold, and Valiramani. *See* Dkt. 1. Silver N Gold was served on October 4, 2024, *see* Dkt. 18, and Alpine Gold was served on March 5, 2025, *see* Dkt. 29. To date, no attempt to serve Valiramani with the Summons and Complaint has been successful, *see* Dkt. 47 at 1-2, although all other Defendants have been served, *see* Dkts. 18, 29. On March 14, 2025, Plaintiff filed a motion to serve Valiramani via email, *see* Dkt. 30, which the Court denied without prejudice because the "record [was] insufficient to establish that conventional service methods [were] impracticable," Dkt. 32 at 4.

Throughout this litigation, Defendants' counsel, Mr. Vivian M. Williams, has made filings on ECF, *see* Dkts. 11, 31, 39, 43; and he appeared before the Court for an initial pretrial conference ("IPTC") on April 24, 2025, *see* Dkts. 40, 42. However, Mr. Williams has never formally entered a notice of appearance on behalf of any Defendant. At the IPTC, Mr. Williams represented that he would file a notice of appearance, work with Plaintiff's counsel to coordinate service as to Valiramani, *see* Dkt. 44, and participate in the Southern District of New York's mediation program, *see* Dkts. 41, 42. On May 19, 2025, however, Plaintiff filed a status letter informing the Court that Defendants' counsel had not returned any emails from or otherwise communicated with Plaintiff's counsel since the IPTC. *See* Dkt. 45 at 1.[1] Accordingly, Plaintiff requested permission to renew its motion for alternative service, *see id.*, which the Court granted on May 20, 2025, *see* Dkt. 46. Plaintiff filed its renewed motion on June 3, 2025. *See* Dkt. 47. Defendants have not responded to the motion or contacted the Court since the IPTC.

## LEGAL STANDARD

Federal Rule of Civil Procedure ("Rule") 4(e) permits a plaintiff to effect service on an individual defendant by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). "New York state law provides a number of specified methods for serving individuals, and further provides that service may be effectuated 'in such manner as the court, upon motion without notice, directs, if service is impracticable' under the other specified methods of service." *Shamoun v. Mushlin*, No. 12-cv-03541 (AJN), 2013 WL 91705,

---

[1] On July 8, 2025, Plaintiff filed a status letter informing the Court that mediation has still not taken place due to difficulties communicating with Mr. Williams. *See* Dkt. 48 at 2. Mr. Williams has also not responded to a June 2, 2025 email from Plaintiff's counsel "suggesting that [Mr. Williams] file a Notice of Change of Address with the Court if his E-mail address had changed, as well as asking if he would accept service on behalf of Mr. Valiramani." *Id.* at 1 n.1.

2

at *2 (S.D.N.Y. Jan. 8, 2013) (quoting N.Y. C.P.L.R. 308(5)). "Whether service is impracticable 'depends on the facts and circumstances surrounding each case.'" *Bayview Loan Servicing, LLC v. Cave*, 101 N.Y.S.3d 172, 174 (App. Div. 2019) (quoting *Liebeskind v. Liebeskind*, 449 N.Y.S.2d 226, 228 (App. Div. 1982), *aff'd*, 447 N.E.2d 74 (N.Y. 1983)); *accord Sirius XM Radio Inc. v. Aura Multimedia Corp.*, 339 F.R.D. 592, 593 (S.D.N.Y. 2021). "[I]mpracticability does not require satisfying due diligence, or even showing that actual prior attempts to serve a party under each and every method provided in the statute have been undertaken." *Charly Acquisitions, Ltd. v. 43 N. Broadway, LLC*, No. 23-cv-09851 (KMK) (AEK), 2024 WL 5244873, at *6 (S.D.N.Y. Dec. 30, 2024) (quoting *Freeman v. Giuliani*, Nos. 24-mc-00353, 24-cv-06563 (LJL), 2024 WL 5054913, at *2 (S.D.N.Y. Dec. 10, 2024)). The movant must also demonstrate that the proposed method of alternative service is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Doe v. Hyassat*, 337 F.R.D. 12, 15 (S.D.N.Y. 2020) (quoting *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950)). "This standard is '[a]n elementary and fundamental requirement of due process.'" *Id.* (alteration in original) (quoting *Mullane*, 339 U.S. at 314).

## DISCUSSION

First, the Court finds that Plaintiff has demonstrated that traditional methods of service are impracticable because he has attempted to serve Valiramani at all addresses obtained through a diligent search and has shown that Valiramani "is plainly evading personal service." *CE Line One Corp. v. Masters*, No. 24-cv-09889 (RA) (OTW), 2025 WL 1099597, at *2 (S.D.N.Y. Apr. 11, 2025); *see also Ferrarese v. Shaw*, 164 F. Supp. 3d 361, 366 (E.D.N.Y. 2016) ("[T]raditional methods of service may be 'impracticable' . . . because the defendant is taking active measures to avoid being located and to evade service."); *Zouvelos v. Sur. Fin. of Am., Inc.*, No. 16-cv-01851

(AMD), 2016 WL 11448125, at *3 (E.D.N.Y. Dec. 30, 2016) ("Affirmative evidence that the defendant is evading service bolsters a showing of impracticability."). Plaintiff has submitted a detailed declaration outlining counsel's efforts to ascertain Valiramani's address from public-records searches using the known names of both Valiramani and his wife. *See generally* Dkt. 47-8. Plaintiff has attempted to serve Valiramani at all addresses obtained through this search to no avail. Dkt. 47-3 ¶¶ 5-7. Based on this search, counsel believes that Valiramani resides at one of these addresses (the "Sayre Drive Property"), *see* Dkt. 47-8 ¶¶ 5-7, but when Plaintiff's process server attempted to serve Valiramani there, an occupant who refused to disclose his name represented that "Valiramani [was] unknown at th[at] location," Dkt. 47-2 at 1. Mr. Williams has also refused to cooperate with Plaintiff's counsel to coordinate service despite representing to the Court that he would do so, *see* Dkt. 47-3 ¶¶ 15-19; Dkt. 48 at 1 n.1, and Mr. Williams appears to have changed his email address after the IPTC without informing Plaintiff's counsel or notifying the Court, *see* Dkt. 47-6 at 1; Dkt. 47-7 at 1; Dkt. 48 at 1 n.1. *See Gonzalez v. United States*, No. 16-cv-01494 (KAM) (CLP), 2016 WL 11670727, at *4 (E.D.N.Y. Sept. 29, 2016) ("Courts have . . . authorized alternative service where a defendant deliberately frustrated plaintiff's efforts to serve him by evading the process server and by refusing to authorize his attorney to accept service of process." (alterations and omissions adopted) (internal quotation marks omitted)); *Shamoun*, 2013 WL 91705, at *2 (finding impracticability where plaintiffs made multiple unsuccessful service attempts and demonstrated "diligence in attempting to determine alternative addresses for service"); *Windward Bora LLC v. Edinboro*, No. 23-cv-03188 (JAM), 2024 WL 3075637, at *3 (E.D.N.Y. June 21, 2024) (finding impracticability where plaintiff made multiple unsuccessful service attempts "at the only addresses associated

4

with the [defendants] in public records searches" and plaintiff's requests to coordinate service with counsel went unanswered after initially making contact with a defendant).

Second, the Court finds that serving Valiramani by email would comport with due process. "Service by email alone comports with due process where a plaintiff demonstrates that the email is likely to reach the defendant." *Pearson Educ. Inc. v. Doe 1*, No. 18-cv-07380 (PGG) (OTW), 2019 WL 6498305, at *3 (S.D.N.Y. Dec. 2, 2019) (quoting *FTC v. PCCare247 Inc.*, No. 12-cv-07189 (PAE), 2013 WL 841037, at *4 (S.D.N.Y. Mar. 7, 2013)); *accord CE Line One Corp.*, 2025 WL 1099597, at *2. Plaintiff's counsel successfully contacted Valiramani by email in October 2024, and Valiramani acknowledged receipt, "signing the email with [h]is name . . . and phone number." Dkt. 47-3 ¶ 10; *see id.* ¶¶ 8-10. This establishes both that the email address belongs to Valiramani and that the Summons and Complaint would be likely to reach him there. *See Ortiz v. CM Prof. Painting Corp.*, No. 21-cv-00821 (GRB) (JMW), 2022 WL 784473, at *3 (E.D.N.Y. Mar. 14, 2022) (collecting cases where courts determined that service at defendants' recently used email addresses comported with due process).

## CONCLUSION

Because Plaintiff has established that traditional methods of serving Valiramani would be impracticable and that service by email would comport with due process, Plaintiff's motion for alternative service is GRANTED.

IT IS HEREBY ORDERED that Plaintiff shall serve the Summons and Complaint and a copy of this order on Valiramani by email to silvergoldnyc@aol.com. Out of an abundance of caution, Plaintiff shall also serve Valiramani by certified mail, return receipt requested, to the Sayre Drive Property. Plaintiff shall also send a copy of this order to both of Mr. Williams's last-known email addresses.

5

IT IS FURTHER ORDERED that Plaintiff shall file proof of such service on the docket no later than **July 16, 2025.**

Dated: July 9, 2025
   New York, New York

SO ORDERED

JENNIFER L. ROCHON
United States District Judge

6